BRIGGS ET AL *v.* ELLIOTT ET AL.

No. 273.   Decided January 28, 1952.

*Spottswood W. Robinson, III, Robert L. Carter, Thurgood Marshall* and *Arthur D. Shores* for appellants.

*Robert McC. Figg, Jr.* for appellees.

PER CURIAM.

Appellant Negro school children brought this action in the Federal District Court to enjoin appellee school officials from making any distinctions based upon race or color in providing educational facilities for School District No. 22, Clarendon County, South Carolina.   As the basis for their complaint, appellants alleged that equal facilities are not provided for Negro pupils and that those constitutional and statutory provisions of South Carolina requiring separate schools "for children of the white and colored races"* are invalid under the Fourteenth Amend-

---

*S. C. Const., Art. XI, § 7; S. C. Code, 1942, § 5377.

ment. At the trial before a court of three judges, appellees conceded that the school facilities provided for Negro students "are not substantially equal to those afforded in the District for white pupils."

The District Court held, one judge dissenting, that the challenged constitutional and statutory provisions were not of themselves violative of the Fourteenth Amendment. The court below also found that the educational facilities afforded by appellees for Negro pupils are not equal to those provided for white children. The District Court did not issue an injunction abolishing racial distinctions as prayed by appellants, but did order appellees to proceed at once to furnish educational facilities for Negroes equal to those furnished white pupils. In its decree, entered June 21, 1951, the District Court ordered that appellees report to that court within six months as to action taken by them to carry out the court's order. 98 F. Supp. 529.

Dissatisfied with the relief granted by the District Court, appellants brought a timely appeal directly to this Court under 28 U. S. C. (Supp. IV) § 1253. After the appeal was docketed but before its consideration by this Court, appellees filed in the court below their report as ordered.

The District Court has not given its views on this report, having entered an order stating that it will withhold further action thereon while the cause is pending in this Court on appeal. Prior to our consideration of the questions raised on this appeal, we should have the benefit of the views of the District Court upon the additional facts brought to the attention of that court in the report which it ordered. The District Court should also be afforded the opportunity to take whatever action it may deem appropriate in light of that report. In order that this may be done, we vacate the judgment of the District Court and remand the case to that court for further pro-

ceedings. Another judgment, entered at the conclusion of those proceedings, may provide the basis for any further appeals to this Court.

*It is so ordered.*

MR. JUSTICE BLACK and MR. JUSTICE DOUGLAS dissent to vacation of the judgment of the District Court on the grounds stated. They believe that the additional facts contained in the report to the District Court are wholly irrelevant to the constitutional questions presented by the appeal to this Court, and that we should note jurisdiction and set the case down for argument.